UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>RICK HILL, et al.,<br><br>    Defendants. | No. 2:23-cv-0958 DB P<br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Before the court are plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, finds plaintiff states a minimally cognizable Eighth Amendment claim, and finds plaintiff fails to state any other claims. Plaintiff will be given the choice of proceeding immediately on his Eighth Amendment claim or amending the complaint.

**IN FORMA PAUPERIS**

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Discussion**

**A. Plaintiff's Allegations**

Plaintiff challenges conduct that occurred in 2022 when he was incarcerated at Folsom State Prison. He identifies two defendants: Folsom Warden Rick Hill and Correctional Lieutenant Thomas.

Plaintiff alleges the following. In January 2022, plaintiff "begged" defendant Thomas not to transfer him from building B-5 to building B-2 because B-2 was a "COVID infected building." Thomas threatened to write plaintiff up for a rules violation if he did not comply with the transfer so plaintiff did so. Thomas failed to provide plaintiff with an N95 mask, other protective equipment, or disinfectant. Plaintiff was only provided a cloth face mask. He was housed in a cell with a Covid-infected inmate. Within days of moving to B-2, plaintiff contracted Covid-19.

Plaintiff states that he informed defendant Hill by letter and appeal that he was being forced to move to a Covid-infected building but Hill did not intervene. Defendant Hill did not wear a face mask and allowed staff to ignore the mask requirement.

3

Defendant Thomas threatened to have plaintiff transferred to another prison if plaintiff did not stop complaining and filing grievances about the prison's management of the risks of Covid-19. Plaintiff was later transferred to the Substance Abuse Treatment Facility, where plaintiff is currently incarcerated.

**B. Does Plaintiff State Cognizable Claims under §1983?**

"[A] prisoner states a cognizable Eighth Amendment conditions of confinement claim if the prisoner can sufficiently allege that a defendant knew of the risks of COVID-19 and had authority to mitigate the risks, yet did nothing to mitigate those risks." Johnson v. Allison, No. 2:21-cv-0828 KJM KJN P, 2023 WL 196430, at *3 (E.D. Cal. Jan. 17, 2023). Plaintiff's allegations that Thomas and Hill knew he was negative for Covid-19 and intentionally moved him to, or caused him to remain in, an area in which inmates were infected with Covid-19 are minimally sufficient to state an Eighth Amendment claim.

To state a claim for retaliation in violation of the First Amendment, a prisoner must allege facts showing the following five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff here alleges that Thomas threatened to have him transferred because he was filing grievances and then, at some point later, plaintiff was transferred. Plaintiff's allegations fail to state facts sufficient for a retaliation claim. He does not show that the transfer was an "adverse" action; does not show that the transfer "did not reasonably advance a legitimate correctional goal;" does not show that Thomas was responsible for the transfer; and fails to allege facts showing Hill was responsible for moving him and had a retaliatory motive. While this court is doubtful plaintiff will be able to state a retaliation claim based on these facts, plaintiff will be given an opportunity to amend the complaint to attempt to state a retaliation claim.

////

////

**CONCLUSION**

This court finds above that plaintiff states a cognizable Eighth Amendment claim against defendants Hill and Thomas. This court further finds that plaintiff fails to state any other claims.

Plaintiff has a choice. He may proceed on his Eighth Amendment claim or he may amend the complaint to attempt to also state other claims. Plaintiff is warned that in any amended complaint he must include all claims he wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has stated a cognizable Eighth Amendment claim against defendants Hill and Thomas.

4. Plaintiff's other claims are dismissed with leave to amend.

5. Plaintiff may choose to proceed on his cognizable claim set out above or he may choose to amend his complaint. If plaintiff chooses to proceed on his cognizable claim in the complaint, he shall voluntarily dismiss his other claims.

6. Within thirty days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

////

7. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: July 30, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/will0958.scrn LTA or proceed

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WILLIAMS, | No. 2:23-cv-0958 DB P |
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| RICK HILL, et al., | |
| Defendants. | |

Check one:

\_\_\_\_\_    Plaintiff wants to proceed immediately on his Eighth Amendment claim against defendants Hill and Thomas.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims.

\_\_\_\_\_    Plaintiff wants to amend the complaint.

DATED:_____

_____
Melvin Williams, Plaintiff

8