UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WILLIAMS,<br><br>             Plaintiff,<br><br>       v.<br><br>RICK M. HILL, et al.,,<br><br>             Defendants. | No.  2:23-cv-00958 TLN SCR P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

  Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  Before the undersigned is plaintiff's motion to strike defendants' affirmative defenses.  (ECF No. 35.)  Defendants did not respond to plaintiff's motion.  The undersigned now recommends that the motion be granted in part and denied in part as set forth herein.  In addition, the parties' stipulated request to modify the discovery and scheduling order (ECF No. 37) is granted.

               **BACKGROUND**

  The action is proceeding on plaintiff's complaint filed on May 17, 2023.  (ECF No. 1.)  Plaintiff alleges that in January 2022, defendant Thomas threatened to write him up for a rules violation if he did not transfer from building B-5 to B-2.  Plaintiff was transferred to a cell with a Covid-infected inmate.  Within days of the transfer, he contracted Covid-19.  Plaintiff informed defendant Hill by letter and appeal that he was being forced to move to a Covid-infected building.

1   Hill did not intervene. Defendant Thomas threatened to transfer plaintiff to another prison if
2   plaintiff did not stop complaining and filing grievances about the prison's management of the
3   risks of Covid-19. Plaintiff was later transferred to the Substance Abuse Treatment Facility.
4       The previously assigned magistrate judge found plaintiff's allegations were sufficient to
5   state an Eighth Amendment conditions of confinement claim against defendants Thomas and Hill.
6   (ECF No. 9 at 4-5.) Given the option of proceeding against Thomas and Hill or amending,
7   plaintiff elected to proceed on the complaint as screened. (ECF No. 15.) Defendants answered
8   the complaint on April 17, 2025, after post-screening settlement discussions were unsuccessful.
9   (ECF No. 33.) The action is currently in discovery, with a cutoff date of August 22, 2025. (ECF
10  No. 34.)

## LEGAL STANDARD FOR A MOTION TO STRIKE

12  Rule 12(f) states that a court "may strike from a pleading an insufficient defense or any
13  redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function
14  of a 12(f) motion to strike is to avoid expenditure of time and money that must arise from
15  litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v.
16  Handi-Craft, Co., 618 F.3d 970, 973 (9th Cir. 2010). "While a Rule 12(f) motion provides the
17  means to excise improper materials from pleadings, such motions are generally disfavored
18  because the motions may be used as delaying tactics and because of the strong policy favoring
19  resolution on the merits." Barnes v. AT&T Pension Ben. Plan, 718 F.Supp.2d 1167, 1170 (N.D.
20  Cal. 2010); see also Bakersfield Pipe & Supply v. Cornerstone Valve, LLC, No. 1:14-cv-1445
21  JLT, 2015 WL 4496349, *2 (E.D. Cal. July 23, 2015) (motions to strike are generally "disfavored
22  and infrequently granted.").
23  An affirmative defense may be insufficient either as a matter of law or as a matter of
24  pleading. Chock v. Stryker Corp., No. 1:21-cv-0996 KES CDB, 2025 WL 1797933, *1 (E.D.
25  Cal. Jun. 30, 2025). "Legal insufficiency means that the affirmative defense lacks merit under
26  any set of facts the defendant might allege. Pleading insufficiency means a failure to provide the
27  plaintiff with fair notice." Id. (internal citation and quotation omitted).
28  In regard to the pleading standard for affirmative defenses, the Ninth Circuit has

2

continued to apply a "fair notice" standard after the Supreme Court's decisions in Twombly and Iqbal.[1] See Kohler v. Flava Enterprises, Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) ("[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'"). Since Kohler, some courts have applied the more demanding Rule 12(b)(6) standard. See, e.g., Goobich v. Excelligence Learning Corp., No. 5:19-cv-6771 EJD, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) ("[T]he courts in [the Northern District] have generally applied the Twombly/Iqbal pleading standard to affirmative defenses.") (collecting cases). However, the courts of this district have generally applied a "fair notice" standard. See Chock, 2025 WL 1797933, at *1; Gomez v. J. Jacobo Farm Lab. Contractor, Inc., 188 F. Supp. 3d 986, 992 (E.D. Cal. 2016) (collecting cases). The undersigned likewise applies the "fair notice" pleading standard to defendant's defenses here.

"Fair notice ... requires that the defendant state the nature and grounds of the affirmative defense. Although 'fair notice' is a low bar that does not require great detail, it does require a defendant to provide 'some factual basis' for its affirmative defenses." Gomez, F. Supp. 3d at 992 (internal citations omitted). Generally, "simply referring to a doctrine or statute is insufficient to afford fair notice." Id.; see also Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund v. Fresno's Best Indus. Elec., Inc., 2014 WL 1245800, at *4 (E.D. Cal. Mar. 4, 2014) ("Simply identifying an affirmative defense by name does not provide fair notice of the nature of the defense or how it applies in [an] action"). With that said, "even defenses that are pled in a conclusory manner may provide fair notice so long as they are potentially viable affirmative defenses, the nature of the defenses is well known, and [p]laintiff can seek discovery regarding the purported factual basis for these defenses." Schwarz v. Meinberg, No. 13-cv-0356 BRO PLAx, 2016 WL 4011716, at *4 (C.D. Cal. July 15, 2016); see also Springer v. Fair Isaac Corp., No. 14-cv-2238 TLN AC, 2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015) ("For well-established [affirmative] defenses, merely naming them may be sufficient.").

/////

---

[1] See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), establishing a "plausible on its face" standard as to allegations of a complaint.

# PLAINTIFF'S MOTION TO STRIKE

## I. Defendants' Affirmative Defenses

Plaintiff moves to strike defendants' affirmative defenses on grounds that defendants listed boilerplate affirmative defenses that are irrelevant to the claims asserted and failed to allege sufficient facts to establish that the affirmative defenses are plausible. (Id. at 2.) Plaintiff's motion also offers specific arguments as to why he believes each affirmative defense is insufficient. (Id. at 3-6.) Defendants did not respond to plaintiff's motion.

### 1) First Affirmative Defense

The first affirmative defense states that "Defendants did not deprive Plaintiff of any right, privilege or immunity guaranteed to him by the Constitution or laws of the United States or any other clearly established right." (ECF No. 33 at 8.) Plaintiff argues that a mere denial of an element of his claim is not an affirmative defense. (ECF No. 35 at 3.)

The court agrees this denial is not an affirmative defense. See Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). A purported affirmative defense that only addresses the elements of the cause of action will be stricken as redundant. Gomez, 188 F. Supp. 3d at 991 (citations omitted); see also Solis v. Couturier, No. 2:08 CV 2732 RRB GGH, 2009 WL 2022343, at *3 (E.D. Cal. July 8, 2009) (striking affirmative defense that was "merely a restatement of [defendant's] denial of liability, or an assertion that the [plaintiff] cannot prove the elements of her claim"). Thus, it is recommended that the first affirmative defense be stricken without leave to amend.

### 2) Second Affirmative Defense

In the second affirmative defense, defendants write that "[a]t all times relevant herein, Defendants' actions were reasonably related to achieving legitimate penological goals." (ECF No. 33 at 8.) Plaintiff moves to strike this affirmative defense as conclusory. (ECF No. 35 at 3.)

Defendants provide no factual basis for the second affirmative defense. Courts have struck similarly fact-deficient defenses to Eighth Amendment claims as conclusory. See Smith v. Cobb, No. 15-CV-0176 GPC, 2017 WL 3887420, at *4 (S.D. Cal. Sept. 5, 2017) (striking as

4

conclusory the affirmative defense that "Defendants' actions were reasonably related to legitimate penological goals"). Further, there is at least some question as to whether legitimate penological interests are a well-known or even viable affirmative defense to an Eighth Amendment claim.[2] Give this lack of clarity, the court cannot say that conclusory assertions of legitimate penological interests give fair notice. Accordingly, it is recommended that defendant's second affirmative defense be stricken with leave to amend.

### 3) Third Affirmative Defense

The third affirmative defense reads: "Defendants are shielded from liability by the doctrine of qualified immunity in that there can be no liability on the facts alleged and Defendants did not violate any clearly established statutory or constitutional right of which a reasonable person in Defendants' position would have known." (ECF No. 33 at 8.) Although plaintiff moves to strike all affirmative defenses (ECF No. 35 at 1), he neither disputes that defendants bear the burden on qualified immunity nor appears to challenge this particular defense (id. at 4). Therefore, plaintiff's motion to strike the third affirmative defense should be denied.

### 4) Fourth Affirmative Defense

In this defense, defendants assert they "did not act with malicious intent to deprive Plaintiff of any constitutional right or to cause any other injury, nor has Plaintiff pled sufficient facts to show any evil motive on the part of Defendants, and therefore they are not liable for compensatory, punitive, exemplary, or any other damages." (ECF No. 33 at 8.) Plaintiff argues this defense should be stricken because it "denies allegations in the complaint or is 'an assertion

---

[2] The Ninth Circuit has observed that the "precise role of legitimate penological interests in not entirely clear in the context of an Eighth Amendment challenge to conditions of confinement." Grenning v. Miller-Stout, 739 F.3d 1235, 1240 (9th Cir. 2014). It noted the test of Turner v. Safley, 482 U.S. 78 (1987), which requires only a reasonable relationship to a legitimate penological interest to justify prison regulations, does not apply to Eighth Amendment claims. Id. (citing Johnson v. California, 543 U.S. 499, 511 (2005)). Further, in Chappell v. Mandeville, 706 F.3d 1052, 1058 (9th Cir. 2013) and Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996), the Ninth Circuit referred to legitimate penological interests when considering allegations that continuous lighting violated the Eighth Amendment. Id. In a more recent case, the Ninth Circuit found the absence of legitimate penological interests was a necessary part of an Eighth Amendment claim. See Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (holding an Eighth Amendment violation is established when a prisoner proves that a prison staff member touched them in a sexual manner "without legitimate penological justification[.]").

that plaintiff cannot prove the elements of [his] claim.'" (ECF No. 35 at 4.)

There is support for plaintiff's argument. Courts have stricken similarly worded defenses that sought to negate an element of the claim. See Roe v. City of San Diego, 289 F.R.D. 604, 610 (S.D. Cal. 2013) (striking denial of punitive damages defense as redundant and unnecessary); Schmitz v. Asman, No. 2:20-cv-0195 JAM CKD PS, 2022 WL 2340614, at *24 (E.D. Cal. June 29, 2022) (striking affirmative defense that defendants did not act with malicious intent), report and recommendation adopted, No. 2:20-cv-0195 JAM CKD PS, 2022 WL 2954241 (E.D. Cal. July 26, 2022); Rodriguez v. Brown, No. 1:15-cv-1754 LJO EPG PC, 2017 WL 1090161, at *2 (E.D. Cal. Mar. 22, 2017) ("[D]efendant can contest punitive damages in the ordinary course without pleading it as an affirmative defense."). Here, defendants' denial of liability for damages goes to the substance of plaintiff's case and is not an affirmative defense. Accordingly, plaintiff's motion to strike this defense should be granted without leave to amend.

### 5) Fifth Affirmative Defense

The fifth affirmative defense reads: "To the extent that Plaintiff suffered any injuries or damages from the facts alleged in the Complaint, such injuries or damages were the result of Plaintiff's own negligent, unlawful, or deliberate actions, and he is thereby estopped from seeking relief for such injuries or damages." (ECF No. 33 at 8.) Plaintiff moves to strike the defense as lacking any legal or factual support for this possibility. (ECF No. 35 at 4.)

Contributory negligence is a viable affirmative defense. See Fed. R. Civ. P. 8(c)(1). However, "[a] bare assertion of negligence or contributory fault without any indication of the conduct supporting the defense does not pass muster, even under the fair notice standard." Devermont v. City of San Diego, No. 12-CV-1823 BEN KSC, 2013 WL 2898342, at *6 (S.D. Cal. June 14, 2013) (quoting Roe, 289 F.R.D. at 612). Accordingly, the undersigned recommends that plaintiff's motion to strike the sixth affirmative defense be granted with leave to amend.

### 6) Sixth Affirmative Defense

In the sixth affirmative defense, defendants assert immunity from liability for "act[ing] within the scope of their discretion with due care, in good faith fulfillment of their responsibilities under applicable statutes, rules, regulations, and practices, reasonably under all circumstances

1 known to them, and with good faith belief that their actions comported with all applicable federal
2 and state laws." (ECF No. 33 at 8.) Plaintiff argues defendants "failed to set forth facts based on
3 a good faith belie[f] that they were complying with the law(s)." (ECF No. 35 at 4-5.)

4     While the defense could be worded more clearly, the undersigned is not convinced that it
5 fails to provide fair notice – particularly where defendants' actions at issue are known to plaintiff
6 and detailed in his complaint. Moreover, as discussed above in the third affirmative defense,
7 plaintiff does not challenge the similarly worded qualified immunity defense. See Roe, 289
8 F.R.D. at 609 (denying motion to strike affirmative defense that provided notice defendants will
9 argue their alleged wrongful conduct "constituted an exercise of discretion, was carried out in
10 good faith, and/or under the protection of qualified immunity.") Accordingly, plaintiff's motion
11 should be denied as to the sixth affirmative defense.

### 7) Seventh Affirmative Defense

13     The seventh affirmative defense states: "Plaintiff's claims lack causation tying the
14 complained actions or injuries to the answering Defendants." (ECF No. 33 at 9.) Plaintiff's
15 challenge is difficult to decipher, but he appears to argue that defendants only have the burden of
16 proof on superseding causes of his injuries. (See ECF No. 35 at 5.) Regardless, "[c]ausation is,
17 of course, a required element of a § 1983 claim." Est. of Brooks ex rel. Brooks v. United States,
18 197 F.3d 1245, 1248 (9th Cir. 1999). Therefore, it is recommended that the seventh affirmative
19 defense be stricken without leave to amend for addressing an element of the cause of action.

### 8) Eighth Affirmative Defense

21     The eighth affirmative defense asserts that plaintiff failed to exhaust administrative
22 remedies, as required by the Prison Litigation Reform Act [PLRA], and therefore his claims are
23 barred. (ECF No. 33 at 9.) Plaintiff counters that defendants failed to set forth any factual
24 evidence to support their claim. (ECF No. 35 at 5.)

25     Failure to exhaust is a proper affirmative defense. Albino v. Baca, 747 F.3d 1162 (9th
26 Cir. 2014) (en banc). Courts have generally agreed that a failure to exhaust is a well-known
27 affirmative defense that provides fair notice even in the absence of a detailed factual basis. See,
28 e.g., Francis v. Luna, No. 2:24-cv-03740-MRA-SSC, 2024 WL 5182198, at *6 (C.D. Cal. Oct.

25, 2024) (denying motion to strike PLRA affirmative defense as conclusory, noting: "Like qualified immunity, the PLRA is frequently litigated, well established, and easily understood."); Schmitz, 2022 WL 2340614, at *26 ("raising failure to exhaust administrative remedies under the [PLRA] provides fair notice by its bare assertion").  Accordingly, the undersigned recommends that plaintiff's motion be denied as to the eighth affirmative defense.

### 9) Ninth Affirmative Defense

In the ninth affirmative affirmative defense, defendants assert that, "to the extent Plaintiff has allegedly suffered an injury, he has failed to minimize or mitigate his damages."  (ECF No. 33 at 9.)  Plaintiff maintains the defense is "conclusory and fact barren" and fails to establish that he had a duty to mitigate or allege facts describing how he failed to mitigate.  (ECF No. 35 at 5.)

Failure to mitigate is a legally valid defense in § 1983 actions.  Landreth v. Lehil, No. 2:20 CV 0472 KJM DMC P, 2023 WL 5938531, at *1 (E.D. Cal. Aug. 23, 2023); see also Meyers v. City of Cincinnati, 14 F.3d 1115, 1119 (6th Cir. 1994) ("In a § 1983 case the plaintiff has a duty to mitigate damages.").  However, to survive a motion to strike, courts have required more than the conclusory facts alleged here.  See J & J Sports Prods., Inc. v. Gidha, No. CIV S-10-2509 KJM, 2012 WL 537494, at *3 (E.D. Cal. Feb. 17, 2012) (striking waiver, failure to mitigate, and estoppel defenses that "fail[ed] to provide any detail regarding the applicability of these doctrines to this case.") (citations omitted).  Accordingly, plaintiff's motion to strike the ninth affirmative defense should be granted with leave to amend.

### 10) Tenth Affirmative Defense

The tenth affirmative defense asserts that "[p]laintiff has suffered no injury or harm." (ECF No. 33 at 9.)  Plaintiff argues this defense goes to his prima facie case.  (ECF No. 35 at 5.) The court agrees the asserted lack of injury is not an affirmative defense and recommends the tenth affirmative defense be stricken without leave to amend.  See Hernandez v. Dutch Goose, Inc., No. C 13-3537 LB, 2013 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013) (striking affirmative defense that "[p]laintiff suffered no injury" as improper and collecting cases).

### 11) Eleventh Affirmative Defense

In the eleventh affirmative defense, defendants assert that "to the extent Plaintiff allegedly

8

suffered damages, those damages were entirely, or almost entirely, created by an independent event that occurred apart the conduct described in the complaint, such that Defendants are not responsible for Plaintiff's damages." (ECF No. 33 at 9.) Plaintiff counters that this defense fails to provide him notice. (ECF No. 35 at 6.)

The undersigned construes this defense as alleging an independent/superseding cause, which is a valid affirmative defense. See Mocettini v. Kenworth Truck Co., No. CIV. 2:13-1300 WBS, 2014 WL 5019672, at *4 (E.D. Cal. Oct. 7, 2014). However, plaintiff is correct that the defense is devoid of factual content. Accordingly, the eleventh affirmative defense should be stricken with leave to amend for failing to provide fair notice.

### 12) Twelfth Affirmative Defense

Defendants assert in this defense that plaintiff is not entitled to damages as a matter of law on one or more of his claims. (ECF No. 33 at 9.) Plaintiff claims, without support, that "the matters pled do not constitute affirmative defenses." (ECF No. 35 at 6.) It is not clear whether plaintiff is challenging the legal sufficiency of this defense or asserting it amounts to a denial of an element of his cause of action. With no guidance from either party, the undersigned will recommend that plaintiff's motion to strike the twelfth affirmative defense be denied.

### 13) Thirteenth Affirmative Defense

Finally, the thirteenth affirmative defense states:

> Because the Complaint contains vague and conclusory allegations, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, Defendants reserve the right to assert additional affirmative defenses, if and after Plaintiff's allegations and theories of liability become clearer.

(ECF No. 33 at 9.) Plaintiff argues this is not an affirmative defense and that defendants cannot assert additional affirmative defenses absent leave from the court. (ECF No. 35 at 6 (citing Fed. R. Civ. P. 15(a)(2)).)

"An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself." J & J Sports Prods., Inc. v. Sandana, No. 1:13-CV-00842 LJO JLT, 2013 WL 5587386, at *5 (E.D. Cal. Oct. 10, 2013) (quoting Solis, 2009 WL 1324051, *7); see also Edwards v. Cnty. of Modoc, No. 2:14-CV-02646 MCE, 2015 WL 4456180, at *4 (E.D. Cal. July

20, 2015) (granting motion to strike affirmative defense "reserv[ing] the right to amend this answer and allege further defenses" as invalid.) Accordingly, plaintiff's motion to strike the thirteenth affirmative defense is granted without leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' stipulated request to modify the discovery and scheduling order (ECF No. 37) is GRANTED. The discovery and scheduling order (ECF No. 34) is modified as follows:
    a. The parties may conduct discovery until **October 6, 2025**.
    b. All pretrial motions, except motions to compel discovery, shall be filed on or before **December 19, 2025**.
2. All other provisions of the discovery and scheduling order shall remain in effect.

In addition, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to strike (ECF No. 35) be GRANTED IN PART and DENIED IN PART as follows:
    a. Defendant's affirmative defenses one, four, seven, ten, and thirteen are stricken without leave to amend;
    b. Defendant's affirmative defenses two, five, nine, and eleven are stricken with leave to amend; and
    c. Plaintiff's motion is denied only as to defendants' affirmative defenses three, six, eight, and twelve.
2. If defendants wish to amend affirmative defenses two, five, nine, and eleven, they may file an amended answer that pleads a sufficient factual basis to provide fair notice of the affirmative defenses **within 14 days** of the date these findings and recommendations are adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

11